UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No.: 4:11-cv-00416 |
| S&N DISPLAY FIREWORKS, INC. ) | |
| Serve:  Registered Agent – Mary Denise ) | |
| Vineyard ) | |
| 1635 1800th St. PO Box 823 ) | |
| Lincoln, IL 62656 ) | |
| ) | |
| NEW MADRID CHAMBER OF ) | **JURY TRIAL DEMANDED** |
| COMMERCE, ) | |
| Serve:  Registered Agent - Margaret Palmer ) | |
| 537-B Mott St. ) | |
| PO Box 96 ) | |
| New Madrid, MO 63869 ) | |
| ) | |
| REAGAN BAIRD, ) | |
| Serve:  715 Mitchell Ave. ) | |
| New Madrid, MO 63869 ) | |
| ) | |
| 555 Saint Joseph Dr. ) | |
| New Madrid, MO 63869 ) | |
| ) | |
| DOROTHY POLEY ) | |
| Serve:  211 Daniel St. ) | |
| Sikeston, MO 63801 ) | |
| ) | |
| and ) | |
| ) | |
| JOYCE POLEY ) | |
| Serve:  208 N Lewis St. ) | |
| Marston, MO 63866 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff Lexington Insurance Company, by and through undersigned counsel, Williams Venker & Sanders LLC, in accordance with the law, Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment, states to the Court as follows:

## NATURE OF ACTION

1.     This is an action for a declaratory judgment pursuant to 28 U.S.C § 2201 in order to determine the rights and obligations of the parties under an insurance policy issued to Defendant S&N Display Fireworks, Inc., with respect to a wrongful death action prosecuted by Defendants Dorothy Poley and Joyce Poley.

## PARTIES

2.     Plaintiff Lexington Insurance Company ("Lexington") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

3.     Defendant S&N Display Fireworks, Inc. ("S&N") is an Illinois corporation in good standing.

4.     Defendant New Madrid Chamber of Commerce ("New Madrid") is a Missouri non-profit corporation in good standing.

5.     Defendant Reagan Baird ("Baird") is an individual and is a resident and citizen of the State of Missouri.

6.     Defendant Dorothy Poley is an individual and is a resident and citizen of the State of Missouri.

7.     Defendant Joyce Poley is an individual and is a resident and citizen of the State of Missouri.

## JURISDICTION AND VENUE

8.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332 and 2201, as the Plaintiff and the Defendants are diverse in their citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff Lexington has notified Defendant New Madrid it is declining coverage under its insurance policy issued to S&N and purportedly extended to New Madrid as an additional insured.  The amount in dispute is in excess of $75,000 exclusive of interest and costs.

9.     In a suit filed and pending in the Circuit Court of New Madrid County, State of Missouri, Defendants Dorothy Poley and Joyce Poley seek recovery against Defendants New Madrid and Baird for the alleged July 4, 2008, wrongful death of their son/husband, Bill Poley (hereinafter, also the "Poley Defendants").  (Amended Petition, Cause No. 08NM-CV00555, attached hereto as Exhibit A) (hereinafter also, the "Poley Litigation").

10.     The Poley Defendants allege they have suffered injuries and damages, resulting from the death of Bill Poley, including: loss of his care, companionship, love, guidance, support and counsel. (Ex. A, ¶¶ 11, 15).  The prayer for damages indicates the Poley Defendants are seeking in excess of $25,000.  (Ex. A, prayer).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), as this is the judicial district in which a substantial part of the alleged events or omissions giving rise to the death of Bill Poley and the Poley Litigation occurred.  The events that gave rise to the Poley Litigation allegedly occurred in New Madrid County, Missouri. (Ex. A, ¶ 5).  Divisional venue is proper in the Southeastern Division pursuant to Local

Rule 2.07(A)(1), (B)(2) because Defendant Baird and the Poley Defendants are residents of that Division, and the Poley Litigation arose in that Division. (Ex. A, generally).

## BACKGROUND FACTS

12. Plaintiff Lexington issued to Defendant S&N a policy of commercial general liability insurance, No. 6990350, with a policy period of December 19, 2007, to December 19, 2008 (hereinafter, also the "Lexington Policy", attached hereto as Exhibit B).

13. On July 16, 2008, Defendant Dorothy Poley filed a lawsuit against Defendant New Madrid seeking damages for the alleged July 4, 2008, wrongful death of her son, Bill Poley. (Petition, attached hereto as Exhibit C, file stamp).

14. The Petition alleges that New Madrid hosted a fireworks display in New Madrid, Missouri on July 4, 2008. (Ex. C, ¶ 4). In addition, the Petition alleges New Madrid solicited *volunteer workers*, including decedent Bill Poley, to assist with the fireworks display. (Id., ¶ 5).

15. The Petition alleges New Madrid was negligent by failing to ensure that the base used for setting off the fireworks was appropriately secured to prevent it from tipping over. (Ex. A, ¶ 7). The Petition alleges New Madrid's negligence caused a shell from a fireworks mortar to strike Bill Poley, causing his death. (Id., ¶ 8).

16. New Madrid requested coverage from Lexington under the Lexington Policy, No. 6990350, pursuant to a Certificate of Insurance purportedly indicating New Madrid was an additional insured under the Lexington Policy. (Certificate, attached hereto as Exhibit D).

17. On August 5, 2008, Lexington notified New Madrid that there was no coverage for the claim. (Coverage Letter, attached hereto as Exhibit E).

18. On June 8, 2009, the New Madrid Circuit Court granted Defendant Joyce Poley's request to intervene in the Poley Litigation as a plaintiff. (Order, attached hereto as Exhibit F).

19. On December 1, 2010, the Poley Defendants filed an Amended Petition, adding Defendant Baird as a defendant. (Amended Petition, Ex. A). The Amended Petition alleges Defendant Baird supervised the fireworks display, and includes allegations of negligence against Defendant Baird identical to those alleged against Defendant New Madrid. (Id., ¶¶ 7, 10, 14).

20. Defendant Baird was deposed on December 16, 2008. In his deposition, Baird confirmed decedent Bill Poley's status as a *volunteer worker* at the time of the events described in the Amended Petition. (Deposition of Reagan Baird, attached hereto as Exhibit G, pp. 22-24).

21. On December 3, 2010, Defendant Baird entered into a settlement agreement with the Poley Defendants, which the New Madrid Circuit Court approved. The settlement has been satisfied. (December 3, 2010, Order, attached hereto as Exhibit H).

## DECLARATORY JUDGMENT

22. Plaintiff Lexington brings this action for a declaration of Plaintiff's rights and obligations under the Lexington Policy at issue.

23. An actual and justiciable controversy exists between Plaintiff and Defendants, and litigation as to this controversy is imminent and inevitable.

24. The Lexington Policy contains the following language, in pertinent part:

**SECTION I - COVERAGES**

COVERAGE A.   BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    **1.   Insuring Agreement.**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Ex. B, p. 1).

\*   \*   \*

    **2.   Exclusions.**

This insurance does not apply to:

(Ex. B, p. 1).

\*   \*   \*

    **b.   Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

(Ex. B, p. 2).

\*   \*   \*

**SECTION II – WHO IS AN INSURED**

    1.    If you are designated in the Declarations as:

\*   \*   \*

      d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

(Ex. B, p. 11).

\*    \*    \*

**SECTION V – DEFINITIONS**

\*    \*    \*

    8.    "Insured contract" means:

\*    \*    \*

      d.    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

\*    \*    \*

      f.    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(Ex. B, p. 17).

\*    \*    \*

    9.    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker": does not include "temporary worker."

(Ex. B, p. 17).

\*   \*   \*

17. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

(Ex. B., p. 19)

25. The Lexington Policy also contains the following language, in pertinent part:

### AMENDMENT TO EXCLUSIONS d. AND e. EXCLUDING INJURY TO ANY WORKER OF ANY INSURED

This endorsement modifies insurance provided by the policy:

Subparagraphs **d.** and **e.** of Paragraph **2., Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY (SECTION I – COVERAGES)** are deleted and replaced with the following:

    **d.**    **Workers Compensation and Similar Laws**

        Any obligation of any insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    **e.**    **Employer's Liability**

        "Bodily injury" to:

        (1)    Any "worker" of any insured arising out of and in the course of:

            (a)    Employment by any insured;

            or

            (b)    Performing duties related to the conduct of any insured's business; or

        (2)    The spouse, child, parent, brother or sister of such "worker" as a consequence of Paragraph (1) above.

8

This exclusion applies:

    (1)    Whether such insured may be liable as an employer or in any other capacity; and

    (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

The following additional definitions apply to this endorsement and supersede any contrary definitions in the policy:

    1.    "Worker" means a "leased worker", "temporary worker", "employee", "independent contractor", or "volunteer" or the spouse, child, parent, brother or sister of such "worker".

(Ex. B, Amendment to Exclusions, p. 1).

\*    \*    \*

    6.    "Volunteer" means a person who performs duties related to the conduct of any insured's business, any affiliated business, or any "independent contractor's" business without any compensation, salary, payment or "in-kind payment" or with minimal compensation, salary, payment, or "in-kind payment". "In-kind payment" means anything given or offered in exchange for work performed including, but not limited to, free food or clothing, or free tickets or admission to any event.

(Ex. B, Amendment to Exclusions, p. 2).

\*    \*    \*

26.    The Lexington Policy also contains the following language, in pertinent part:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

<u>FIREWORKS ENDORSEMENT</u>

\*    \*    \*

9

**Exclusion:  Injury to Leased and Temporary Workers.**

7. Subparagraph s. is added to paragraph 2., Exclusions, Coverage A

 – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

 (Section I – Coverages) as follows:

> s. "Bodily injury" to:
>
>> (1) Any "leased worker" or "temporary worker"
>
>> or:
>
>> (2) The spouse, child, parent, brother or sister of that "leased worker" or "temporary worker" as a consequence of (1) above.
>
> This exclusion applies:
>
>> (1) Whether the insured may be liable as an employer or in any other capacity;
>
>> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and
>
>> (3) To liability assumed by the insured under an "insured contract."
>
> The following additional definitions apply to this exclusion:
>
>> (1) "Leased worker" means a person leased to the insured by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.
>
>> (2) "Temporary worker" means a person who is furnished to you for a period of time of less than one year, to support or supplement your work force in special work situations such as employee absences, temporary skill shortages and seasonal workloads.

10

(Ex. B, Fireworks Endorsement, pp. 3-4).

\*     \*     \*

**Additional Insured – Vendors**

3.  Paragraph 5. Is added to Section II – WHO IS AN INSURED as follows:

    5.  Any person or organization acting as a vendor, but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business; however, the insurance afforded to a vendor does not apply to:

        a.  "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This subparagraph does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

        \*     \*     \*

        e.  Any failure to make inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;

        f.  Demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;

(Ex. B, Fireworks Endorsement, p. 2).

27.  The Lexington Policy specifically only provides coverage for sums the insured becomes legally obligated to pay as damages for "personal injury" that is caused by an "occurrence" to which the Lexington Policy applies, as such terms are defined therein. (Ex. B, p. 1).

28. The Lexington Policy makes clear it does not apply to liability assumed in a contract or agreement, including an "insured contract". (Ex. B, pp. 2, 17; Fireworks Endorsement, pp. 2-4). Thus, there can be no coverage under the Lexington Policy for any liability assumed by any insured by reason of a contract or agreement.

29. The Lexington Policy makes clear it does not apply to any obligation of any insured under a workers' compensation law or any similar law. (Ex. B, Amendment to Exclusions, p. 1). Thus, there can be no workers' compensation coverage for the injury or death of Bill Poley under the Lexington Policy.

30. The Lexington Policy makes clear it does not apply to liability claims by a "volunteer" arising out of and in the course of employment or performing duties related to the conduct of any insured's business, or to similar claims of a spouse, child, parent, brother or sister of a "volunteer". (Ex. B, Amendment to Exclusions, pp. 1-2). Thus, there can be no coverage under the Lexington Policy for the claims alleged in the Poley Litigation.

31. The Lexington Policy makes clear it does not apply to claims of "bodily injury" to any "leased worker" or "temporary worker", or to similar "bodily injury" claims brought by the spouse, child, parent, brother or sister of a "leased worker" or "temporary worker". (Ex. B, Fireworks Endorsement, pp. 3-4). Thus, there can be no coverage under the Lexington Policy for the claims alleged in the Poley Litigation.

32. The Lexington Policy makes clear it does not apply to claims of "bodily injury" arising out of any failure of a vendor to make inspections, adjustments, tests or servicing in connection with the distribution or sale of products. (Ex. B, Fireworks

Endorsement, p. 2). Thus, there can be no coverage under the Lexington Policy for the claims alleged in the Poley Litigation.

33. The Lexington Policy makes clear it does not apply to claims of "bodily injury" arising out of a vendor performing demonstration, installation, servicing or repair operations in connection with the sale of a product. (Ex. B, Fireworks Endorsement, p. 2). Thus, there can be no coverage under the Lexington Policy for the claims alleged in the Poley Litigation.

34. For all of the reasons set forth herein, there is no coverage under the Lexington Policy for any liability arising out of the Poley Litigation, and Plaintiff has no obligation under the Lexington Policy or the law to defend or indemnify Defendants for the causes of action or claims in the Poley Litigation.

35. Plaintiff Lexington hereby denies any and all coverage and liability to any of the Defendants under the Lexington Policy for the reasons set forth herein.

36. Plaintiff also hereby specifically denies any and all duties to defend and indemnify the Defendants for the claims and causes of action brought in the Poley Litigation and any and all other claims, known, unknown or contemplated.

37. Resolution of the matters raised in this action will dispose of all issues between the parties under the Lexington Policy at issue.

38. All necessary and proper parties are before the Court for the matter in controversy, and there is no other litigation between the parties concerning their rights and obligations under the Lexington Policy at issue.

39. Plaintiff is reserving and preserving any and all rights and defenses under the Lexington Policy and the law, including, but not limited to, its right of recovery,

recoupment, and/or subrogation of any and all sums paid to any persons or entities on behalf of any Defendants named herein.

WHEREFORE, Plaintiff Lexington Insurance Company prays this Honorable Court to declare the rights of the parties under the aforementioned Lexington Policy and to enter judgment finding, adjudicating and declaring that: (1) Plaintiff has no duty to defend or indemnify any Defendant for any liability arising out of the lawsuit and causes of action alleged in Cause No. 08NM-CV00555 (Poley Litigation), originally filed in the Circuit Court of New Madrid County, Missouri by Defendant Dorothy Poley; (2) that the terms, conditions and exclusions of the Lexington Policy preclude any coverage for any liability for the injuries and damages alleged in Cause No. 08NM-CV00555; (3) that Plaintiff is entitled to its costs and attorneys' fees herein; and (4) for such other and further relief as this Court deems just and proper.

                                    WILLIAMS VENKER & SANDERS LLC

                                    By:   /s/ Michael B. Hunter
                                           Michael B. Hunter #70351
                                           John F. Mahon, Jr. #507015
                                           Bank of America Tower
                                           100 North Broadway, 21st Floor
                                           St. Louis, MO  63102
                                           (314) 345-5000
                                           (314) 345-5055 (facsimile)
                                           mhunter@wvslaw.com
                                           jmahon@wvslaw.com

                                  ATTORNEYS FOR LEXINGTON
                                  INSURANCE COMPANY