IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:11-CV-00040-CEJ |
| ) | |
| S&N DISPLAY FIREWORKS, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF PLAINTIFF LEXINGTON INSURANCE COMPANY TO THE COUNTERCLAIM OF DEFENDANTS DOROTHY POLEY AND JOYCE POLEY

COMES NOW, Plaintiff Lexington Insurance Company ("Lexington"), by and through its attorneys, WILLIAMS, VENKER & SANDERS LLC, and for its Answer to the Counterclaim of Dorothy Poley and Joyce Poley (Doc. #12), states as follows:

1. At this time, Lexington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim, and therefore denies the same.

2. At this time, Lexington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaim, and therefore denies the same.

3. Lexington admits only that it is a corporation organized and existing under the laws of the State of Delaware and denies all remaining allegations in Paragraph 3 of the Counterclaim.

4. Lexington admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Lexington admits the allegations contained in Paragraph 5 of the Counterclaim.

1

6. At this time, Lexington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaim, and therefore denies the same.

7. Lexington admits only that the Lexington Policy may include coverage for "bodily injury" as that term is defined therein, and subject to the terms, conditions and exclusions of the Lexington Policy, but denies there is insurance coverage for the claims asserted in Cause No. 08NM-CV00555 under the Lexington Policy.

8. At this time, Lexington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim, and therefore denies the same.

9. At this time, Lexington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaim, and therefore denies the same.

10. At this time, Lexington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Counterclaim, and therefore denies the same.

11. Lexington admits only that the Chamber requested coverage from Lexington under the Lexington Policy, and denies all remaining allegations in Paragraph 11 of the Counterclaim as stated.

12. Lexington admits only that Exhibit A to the Counterclaim appears to be a true and accurate copy of the correspondence, and denies all remaining allegations in Paragraph 12 of the Counterclaim.  Lexington further states that on August 5, 2008, Lexington notified the Chamber that there was no coverage for the claims asserted in Cause No. 08NM-CV00555 under the

Lexington Policy.  (Coverage Letter, Exhibit E to Lexington's Complaint for Declaratory Judgment).  Lexington further states that the August 7, 2009 correspondence was in error, and that the correspondence included an explicit reservation of Lexington's rights and defenses under the Lexington Policy.  (Poley Ex. A, p. 2).  Lexington further states that on or about August 12, 2009, Lexington informed the Chamber that the August 7, 2009 correspondence was in error, and on or about August 14, 2009, Lexington forwarded correspondence to the Chamber revising Lexington's coverage position.  (August 14, 2009 Correspondence, attached hereto as Exhibit 1).

13. Lexington denies the allegations contained in Paragraph 13 of the Counterclaim as stated.  Lexington further states that on August 5, 2008, Lexington notified the Chamber that there was no coverage for the claims asserted in Cause No. 08NM-CV00555 under the Lexington Policy.  (Coverage Letter, Ex. E to Lexington's Complaint for Declaratory Judgment).  Lexington further states that the August 7, 2009 correspondence was in error, and that the correspondence included an explicit reservation of Lexington's rights and defenses under the Lexington Policy.  (Poley Ex. A, p. 2).  Lexington further states that on or about August 12, 2009, Lexington informed the Chamber that the August 7, 2009 correspondence was in error, and on or about August 14, 2009, Lexington forwarded correspondence to the Chamber revising Lexington's coverage position.  (August 14, 2009 Correspondence, Ex. 1).

14. Lexington denies the allegations contained in Paragraph 14 of the Counterclaim as stated.

15. Lexington admits only that Exhibit B appears to include a judgment in favor of Dorothy Poley and Joyce Poley for the amount stated, but denies there is insurance coverage for the judgment under the Lexington Policy.

16.     Lexington admits only that Defendants/Counterclaimants allege they are entitled to relief pursuant to Section 379.200 of the Revised Statutes of Missouri, but denies they are entitled to any such relief.

## AFFIRMATIVE DEFENSES

1.      For further answer and as an affirmative defense, Lexington states that the Counterclaim fails to state a claim upon which relief can be granted against Lexington.

2.      For further answer and as an affirmative defense, Lexington states that the Lexington Policy involved herein is subject to various terms, definitions, exclusions, conditions, limitations and provisions as are set forth in that policy and all endorsements and attachments thereto.  Lexington's obligations are therefore restricted to and by such terms, definitions, exclusions, conditions, limitations and provisions, including but not limited to the specific policy language contained in the attached Exhibit 2.

3.      For further answer and as an affirmative defense, Lexington states that to the extent that the Chamber may have failed to afford Lexington timely, sufficient and appropriate written notice of occurrences, offenses, claims and/or suits as required by the terms and conditions contained in the Lexington Policy at issue, such failure bars coverage under the policy.

4.      For further answer and as an affirmative defense, Lexington states that the Lexington Policy does not provide coverage to the extent that any insured has failed to provide adequate cooperation, information and assistance, as required by the Lexington Policy.

5.      For further answer and as an affirmative defense, Lexington states that Lexington's liability, if any, is restricted to the occurrence and aggregate limits, as stated in the Lexington Policy at issue herein.

6. For further answer and as an affirmative defense, Lexington states that any potential recovery against Lexington must be reduced to the extent the Dorothy Poley and Joyce Poley have failed to mitigate any damages they allegedly sustained.

7. For further answer and as an affirmative defense, Lexington states that to the extent that the Lexington Policy may be determined to otherwise respond to the alleged claims, a proper allocation of the injury or damage is required.  Such allocation may result in no sums being allocated to the Lexington Policy.

8. For further answer and as an affirmative defense, Lexington states that the Lexington Policy specifically only provides coverage for sums the insured becomes legally obligated to pay as damages for "bodily injury" that is caused by an "occurrence" to which the Lexington Policy applies, as such terms are defined therein.  (Lexington Policy, p. 1).

9. For further answer and as an affirmative defense, Lexington states that the Lexington Policy makes clear it does not apply to liability assumed in a contract or agreement, including an "insured contract".  (Lexington Policy, pp. 2, 17; Fireworks Endorsement, pp. 2-4). Thus, there can be no coverage under the Lexington Policy for any liability assumed by any insured by reason of a contract or agreement.

10. For further answer and as an affirmative defense, Lexington states that the Lexington Policy makes clear it does not apply to any obligation of any insured under a workers' compensation law or any similar law.  (Lexington Policy, Amendment to Exclusions, p. 1). Thus, there can be no workers' compensation coverage for the injury or death of Bill Poley under the Lexington Policy.

11. For further answer and as an affirmative defense, Lexington states that the Lexington Policy makes clear it does not apply to liability claims by a "volunteer" arising out of

5

and in the course of employment or performing duties related to the conduct of any insured's business, or to similar claims of a spouse, child, parent, brother or sister of a "volunteer". (Lexington Policy, Amendment to Exclusions, pp. 1-2). Thus, there can be no coverage under the Lexington Policy for the claims alleged in Cause No. 08NM-CV00555.

12. For further answer and as an affirmative defense, Lexington states that the Lexington Policy makes clear it does not apply to claims of "bodily injury" to any "leased worker" or "temporary worker", or to similar "bodily injury" claims brought by the spouse, child, parent, brother or sister of a "leased worker" or "temporary worker". (Lexington Policy, Fireworks Endorsement, pp. 3-4). Thus, there can be no coverage under the Lexington Policy for the claims alleged in Cause No. 08NM-CV00555.

13. For further answer and as an affirmative defense, Lexington states that the Lexington Policy makes clear it does not apply to claims of "bodily injury" arising out of any failure of a vendor to make inspections, adjustments, tests or servicing in connection with the distribution or sale of products. (Lexington Policy, Fireworks Endorsement, p. 2). Thus, there can be no coverage under the Lexington Policy for the claims alleged in Cause No. 08NM-CV00555.

14. For further answer and as an affirmative defense, Lexington states that the Lexington Policy makes clear it does not apply to claims of "bodily injury" arising out of a vendor performing demonstration, installation, servicing or repair operations in connection with the sale of a product. (Lexington Policy, Fireworks Endorsement, p. 2). Thus, there can be no coverage under the Lexington Policy for the claims alleged in Cause No. 08NM-CV00555.

15. For further answer and as an affirmative defense, Lexington states that the Section 537.065 settlement in Cause No. 08NM-CV00555 referenced in the Counterclaim that culminated in a Judgment is the result of fraud and/or collusion and is void as a matter of law.

16. For further answer and as an affirmative defense, Lexington states that the amount of the Section 537.065 settlement in Cause No. 08NM-CV00555 referenced in the Counterclaim that culminated in a Judgment is unreasonable, and is therefore void.

17. For further answer and as an affirmative defense, Lexington states that it reserves the right to assert additional defenses which cannot now be articulated and upon further discovery concerning the terms, provisions, conditions, limitations and exclusions of the Lexington Policy, or upon discovery of further information concerning the underlying claims, Lexington reserves the right to assert additional defenses or supplement, revise or omit those asserted herein.

WHEREFORE, Lexington moves this Court to dismiss the Counterclaim (Doc. # 12), with prejudice, at Dorothy Poley's and Joyce Poley's costs, and for such other and further relief as this Court deems just and proper.

WILLIAMS VENKER & SANDERS LLC


By  /s/  Michael B. Hunter
    Michael B. Hunter #70351
    John F. Mahon, Jr., #507015
    Bank of America Tower
    100 North Broadway, 21st Floor
    St. Louis, MO 63102
    (314) 345-5000
    (314) 345-5055 (facsimile)
    jmahon@wvslaw.com
    mhunter@wvslaw.com
ATTORNEYS FOR DEFENDANT
LEXINGTON INSURANCE COMPANY

7

## CERTIFICATE OF SERVICE

On April 22, 2011, I electronically filed this document through the ECF system, which will send a notice of electronic filing to:


Curtis O. Poore
John W. Grimm
The Limbaugh Firm
407 N. Kingshighway, Suite 400
P.O. Box 1150
Cape Girardeau, MO 63702-1150


This document will be sent via U.S. Mail and will not be electronically mailed to:


| | |
|---|---|
| S&N Display Fireworks, Inc. | New Madrid Chamber of Commerce |
| c/o Mary Denis Vineyard, Register Agent | Registered Agent, Margaret Palmer |
| 1635 1800th St., P.O. Box 823 | 537-B Mott St, PO Box 96 |
| Lincoln, IL 62656 | New Madrid, MO 63869 |

Reagan Baird
555 Saint Joseph Drive
New Madrid, MO 63869

                                        WILLIAMS VENKER & SANDERS LLC


                                        By   /s/  Michael B. Hunter
                                            Michael B. Hunter #70351
                                            John F. Mahon, Jr., #507015
                                            Bank of America Tower
                                            100 North Broadway, 21st Floor
                                            St. Louis, MO 63102
                                            (314) 345-5000
                                            (314) 345-5055 (facsimile)
                                            jmahon@wvslaw.com
                                            mhunter@wvslaw.com
                                  ATTORNEYS FOR DEFENDANT
                                  LEXINGTON INSURANCE COMPANY