UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:11-CV-40 (CEJ) ) |
| S&N DISPLAY FIREWORKS, INC., et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion by Arch Specialty Insurance Company ("Arch") to intervene in this action pursuant to Rule 24(b), Fed.R.Civ.P. The parties have not responded to Arch's motion, and the deadline for doing so has passed.

On March 7, 2011, plaintiff Lexington Insurance Company ("Lexington") filed this action seeking a declaration of its obligations under a insurance policy issued to defendants S&N Display Fireworks' ("S&N") and the New Madrid Chamber of Commerce ("New Madrid") for the death of Bill Poley. Bill Poley was accidentally killed during a fireworks display conducted by S&N and New Madrid. Defendants Dorothy Poley and Joyce Poley, Bill Poley's mother and wife, commenced a wrongful death action against S&N and New Madrid Chamber of Commerce. The Poleys were awarded a judgment in the amount of $2.6 million. Prior to Bill Poley's death, Arch issued a commercial liability umbrella policy to defendant S&N that provides additional liability coverage for amounts in excess of Lexington's policy. The applicable coverage limit provided by the Lexington policy is $1 million.

Under Rule 24(b), permissive intervention is appropriate where: (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the movant's claim or defense and the main action share common questions of law or fact. Fed. R. Civ. P. 24(b); Western Agric. Ins. Co. v. Wilson Excavating, Inc., Slip Copy, 2011 WL 666246 (D. Neb. Feb. 12, 2011). Whether to grant permissive intervention is a matter of discretion. Id. at *2 (citing South Dakota v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir.2003). Rule 24(b)(3) provides that "[i]n exercising its discretion the court shall consider whether the

intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P 24(b)(3).

The Court finds that Arch's request to intervene is timely in that no depositions or discovery have occurred in this matter and the case management order in this action was entered only recently. Additionally, the Court finds that Arch's claims or defenses and the main action share common questions of law or fact. While the policy issued by Arch may differ from the Lexington policy, the determination of common facts will likely be dispositive of the issue of coverage under both policies. Arch has also adequately stated an independent basis for jurisdiction under 28 U.S.C. § 1332. Further, Arch has standing in this action because it faces "real and imminent harm" as an excess insurance carrier where liability, if found, will exceed the primary policy limit. Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000). Finally, the Court finds that Arch's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Arch Specialty Insurance Company to intervene in this action [Doc. #25] is **granted**.

**IT IS FURTHER ORDERED** that Arch Specialty Insurance Company shall be identified as a plaintiff-intervenor in this action.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2011.