IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, )<br> )<br>　　Plaintiff, )<br> )<br>ARCH SPECIALTY INSURANCE )<br>COMPANY, )<br> )<br>　　Intervening Plaintiff, )<br> )<br>vs. )<br> )<br>S&N DISPLAY FIREWORKS, INC., )<br>Serve at:　Registered Agent )<br>　　　　　　Mary Vineyard )<br>　　　　　　1635 1800th Street, P.O. Box 823 )<br>　　　　　　Lincoln, IL 62656 )<br> )<br>NEW MADRID CHAMBER OF COMMERCE )<br>Serve at:　Registered Agent )<br>　　　　　　Margaret Palmer )<br>　　　　　　537-B Mott St. )<br>　　　　　　P.O. Box 96 )<br>　　　　　　New Madrid, Missouri 63869 )<br>　　　　　　Carrolton, MO 64633 )<br> )<br>REAGAN BAIRD )<br>Serve at:　715 Mitchell Ave. )<br>　　　　　　New Madrid, MO 63869 )<br> )<br> )<br>DOROTHY POLEY )<br>Serve at:　211 Daniel St. )<br>　　　　　　Sikeston, MO 63801 )<br> )<br>JOYCE POLEY )<br>Serve at:　208 N. Lewis St. )<br>　　　　　　Marston, MO 63866 )<br> )<br>　　Defendants. ) | Cause No.:　1:11-CV-00040-CEJ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Intervening Plaintiff Arch Specialty Insurance Company ("Arch"), by and through counsel, and for its Complaint for Declaratory Judgment, states to the Court as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1332, diversity of citizenship, as the Intervening Plaintiff herein is a citizen of a different state than the Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Arch Specialty Insurance Company is an insurance company duly organized and existing pursuant to the laws of the State of Nebraska and is authorized to do business in the State of Missouri. Arch's principal place of business is in the State of New York and it is a citizen of both Nebraska and New York.

3. S&N Display Fireworks, Inc. ("S&N") is a corporation duly organized and existing pursuant to the laws of the State of Illinois. S&N's principal place of business is the State of Illinois and it is a citizen of the State of Illinois.

4. New Madrid Chamber of Commerce ("Chamber") is a non-profit corporation organized and existing under the laws of the State of Missouri. Chamber's principal place of business is Missouri and it is a citizen of the State of Missouri.

5. Reagan Baird is an individual and citizen of the State of Missouri.

6. Dorothy Poley is an individual and citizen of the State of Missouri.

7. Joyce Poley is an individual and citizen of the State of Missouri.

### Relevant Insurance Policies

8. Plaintiff Lexington issued to Defendant S&N a policy of commercial general liability insurance, Policy No. 6990350, with a policy period of December 19,

2007 through December 19, 2008 (hereinafter "Lexington Policy"). The Lexington Policy has been previously filed as Document 1-2.

9. The Lexington Policy maintains a One Million Dollars ($1,000,000) limit per occurrence and Two Million Dollars ($2,000,000) aggregate limit.

10. Intervening Plaintiff Arch issued to Defendant S&N an Illinois Commercial Liability Umbrella Policy, Policy No. ULP0012025-02, with a policy period of December 19, 2007 through December 19, 2008 (hereinafter "Arch Policy"). It is attached as "Exhibit A" to this Complaint.

11. The Arch Policy provided umbrella liability coverage to S&N in excess of the Lexington Policy. A copy of the Arch Policy is attached hereto, marked Exhibit "A" and incorporated by reference.

12. A Certificate of Insurance was issued by an unaffiliated insurance broker purportedly making Chamber an additional insured on certain policies. The certificate of insurance has been previously filed as Document 1-4.

**Underlying Litigation and Factual Background**

13. On July 16, 2008, Dorothy Poley filed a lawsuit entitled *Poley v. New Madrid Chamber of Commerce*, cause number 08NM-CV00555, against Chamber in the Circuit Court of New Madrid County seeking damages for the death of Bill Poley (hereinafter "Poley Lawsuit"). A copy of the original Petition has been previously filed as Document 1-3.

14. Per the Petition, Chamber hosted a fireworks display in New Madrid, Missouri and solicited volunteers, including Bill Poley, to assist with the fireworks display. (Document 1-3, Petition, ¶ 4, 5)

15. The Petition further alleges that the Chamber breached its duty of care in ensuring "that the based (sic) used for setting off the fireworks display was adequately

secured to the ground and had the appropriate structural support to prevent it from tipping over." It is alleged this negligence caused a shell from a fireworks mortar to strike Mr. Poley, resulting in his death. (Document 1-3, Petition ¶ 7, 8)

16. On June 8, 2009, Joyce Poley was granted leave to intervene in the Poley Lawsuit as a Plaintiff. This Order has been previously filed as Document 1-6. (Dorothy and Joyce Poley are hereafter collectively referred to as "Poley Defendants")

17. On December 1, 2010, Poley Defendants filed the First Amended Petition later adding Reagan Baird as a party defendant alleging substantially similar negligence as previously pleaded against Chamber. The First Amended Petition has been previously filed as Document 1-1. (Document 1-1, First Amended Petition ¶ 13 -15)

18. Baird testified in deposition on December 16, 2008 that Bill Poley was a volunteer worker at the time of the events in the Petition and First Amended Petition. The relevant portions of the deposition of Reagan Baird have been previously filed as Document 1-7.

19. Poley Defendants and Baird entered into a settlement agreement on December 3, 2010. Pursuant to RSMo. § 537.095, the New Madrid Circuit Court approved the settlement. This Order has been previously filed as Document 1-8.

20. On March 17, 2011, and pursuant to RSMo. § 537.065, Poley Defendants obtained a judgment in the Circuit Court of New Madrid County against Chamber in the amount of Two Million Six Hundred and Eighty Five-Thousand Six Hundred and Eighty Three Dollars ($2,685,683.00) (hereinafter "Judgment"). The judgment has been previously filed as Document 12-2.

## DECLARATORY JUDGMENT

21. Arch brings this cause of action to seek a declaration of its rights and obligations under the Arch Policy.

22. An actual and justiciable controversy exists between Arch and Poley Defendants as Poley Defendants have demanded payment from Arch for payment of the judgment for those amounts in excess of the limits of liability of the One Million Dollar Lexington Policy.

23. In addition, Poley Defendants have filed a Counterclaim against Lexington for payment of its policy limits relating to the Judgment.

### Relevant Policy Language

24. S&N is the named insured on the Declarations page of the Arch Policy. (Exhibit A, Declarations, page 1 of 2).

25. Chamber is not identified as an additional insured under the terms of the Declarations or any Endorsement to the Arch Policy.

26. The Arch Policy states, in relevant part:

**SECTION I – COVERAGES**

**BODILY INJURY, PROPERTY DAMAGE AND PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

**a.**  We will pay on behalf of the Insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" or any applicable "other insurance" does not provide coverage or the limits of "underlying insurance" and any applicable "other insurance" have been exhausted…However, we will have no duty to defend the insured against any "suit"

seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

\* \* \*

**2.** **Exclusions**

The exclusions contained herein and any exclusions contained in endorsements to this policy apply regardless of whether any cause, event, material or product contributed concurrently or in any sequence to the injury or damage. This policy will not recognize reduction or exhaustion of the "retained limit" by payment of costs, expenses, fees, damages, settlements or judgments because of "bodily injury", "property damage" or "personal and advertising injury" excluded by this policy or any endorsements to this policy.

This insurance does not apply to any claim, "suit", demand or loss that alleges:

\* \* \*

**d.** **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or uneployment (sic) compensation law, or any similar law.

\* \* \*

Under **SECTION II – WHO IS AN INSURED**

**1.** Except for liability arising out of the ownership, maintenance of use of "covered autos":

    a. If you are designated in the Declarations as:

        (4) An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

b. Each of the following is also an insured:

(1) Your "volunteer workers" only while performing duties related to the conduct of your business, your "employees", other than either your "executive officers" … or your managers … but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or volunteer workers" are insureds for:

(a) "Bodily injury" or "personal and advertising injury":

(i) To you, to your partners or members … to a co-"employee" in the course of his or her employment or performing duties related to the conduct of your business or to your other "volunteer workers" while performing duties related to the conduct of your business

(ii) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (a) (i) above; or

(iii) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (a) (i) or (ii) above.

3. Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance required by the contract, less any amounts payable by any "underlying insurance."

Page 7 of 14

> Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

Under **SECTION V – DEFINITIONS**, the policy states, in relevant part:

> **3.** "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".
>
> \* \* \*
>
> **7.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
>
> \* \* \*
>
> **10.** "Insured Contract" means:
>
> \* \* \*
>
> **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality.
>
> \* \* \*
>
> **g.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury"… to a third person or organization. Tort liability means a liability that would be imposed by law in absence of any contract or agreement.
>
> **11.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \*

**28.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work an act as at the direction of an within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed by you.

27. The policy also contains endorsement 00 EXU0197 00 12 06. This is a "**DESIGNATED ENDORSEMENT(S) FOLLOW FORM ENDORSEMENT**." This endorsement states that it is for modifying insurance provided under the commercial liability umbrella policy. Under the "**Schedule**" the **Designated Endorsement(s)** is the Worker's Exclusionary Endorsement, PRG 3083 03/07 of the Lexington Insurance Company policy (hereinafter "Follow Form Endorsement"). This Lexington endorsement states that:

> With respect to the "Designated Endorsement(s)" described the Schedule above, it is agreed that by incorporating reference to such "Designated Endorsement(s)" any modification of coverage's, definitions, terms, conditions, limitations and exclusions of the "Underlying Policy" by such "Designated Endorsement(s)" shall apply to this policy as if the provisions of such "Designated Endorsement(s)" had been endorsed to this policy.

28. The incorporated Endorsement provides, in relevant part:

**AMENDMENT TO EXCLUSIONS d. and e. EXCLUDING INJURY TO ANY WORKER OF ANY INSURED**

> This endorsement modifies insurance provided by the policy:
>
> Subparagraphs **d.** and **e.** of Paragraph **2., Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY (SECTION I – COVERAGES)** are deleted and replaced with the following:

**d.** **Workers' Compensation and Similar Laws**

Page 9 of 14

        Any obligation of any insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e.**     **Employer's Liability**

        "Bodily injury" to:

**(1)**     Any "worker" of any insured arising out of and in the course of:

    **(a)**     Employment by any insured; or

    **(b)**     Performing duties related to the conduct of any insured's business; or

**(2)**     The spouse, child, parent, brother or sister of such "worker" as a consequence of Paragraph (1) above.

This exclusion applies:

**(1)**     Whether such insured may be liable as an employer or in any other capacity; and
**(2)**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

The following additional definitions apply to this endorsement and supersede any contrary definitions in the policy:

**1.**     "Worker" means a "leased worker", "temporary worker", "employee", "independent contractor", or "volunteer" or the spouse, child, parent, brother or sister of such "worker".

\*     \*     \*

**4.**     "Employee" means a person who performs duties related to the conduct of any insured's business, any affiliated business or any "independent contractor's" business for compensation, salary, or any kind of consideration or item of value and includes you, your members, your partners, your managers, your officers (including all "executive officers"), your directors, and any other insured.

**5.**     "Independent contractor" means any person or entity that, by written or verbal contract with any insured or any person or entity performing duties on any insured's behalf, performs

duties related to the conduct of any insured's business, any affiliated business, or any "independent contractor's" business and includes such person or entity's "leased workers", "temporary workers", "employees", "independent contractors", and/or "volunteers".

**6.** "Volunteer" means a person who performs duties related to the conduct of any insured's business, any affiliated business, or any "independent contractor's" business without any compensation, salary, payment or "in-kind payment" or with minimal compensation, salary, payment or "in-kind payment" or with minimal compensation, salary, payment, or "in-kind payment". "In-kind payment" means anything given or offered in exchange for work performed including, but not limited to, free food or clothing, or free tickets or admission to any event.

## Additional Insured Status

29. No written contract exists between S&N and the Chamber regarding the subject fireworks display.

30. As the Chamber is not listed as an additional insured on the Arch Policy and is not an additional insured by virtue of an insured contract, Chamber is not entitled to additional insured status under the Arch Policy.

31. As such, Arch has no obligation to Chamber, Poley Defendants, Baird, or S&N relating to the Poley Lawsuit or facts surrounding the Poley Lawsuit.

## Allegations are Excluded from Coverage

32. In the alternative, and if it is determined that Defendants are additional insureds under the Arch Policy (which they are not), all claims arising from the Poley Lawsuit and Judgment are specifically excluded by the Arch Policy.

33. The Arch Policy does not provide coverage for the Poley Lawsuit because Bill Poley was a worker and/or volunteer at the time of the accident in this matter and

was injured in the course of performing duties related to the conduct of the purported insured's business.

34. The Arch Policy does not provide coverage in that the terms of the policy do not provide coverage for injuries sustained by any "leased worker", "temporary worker" or for bodily injury claims brought by the family of a "leased worker" or "temporary worker."

35. The Arch policy does not provide coverage in that it does not apply to any obligation of an insured under any workers compensation law or similar law.

36. The Arch Policy does not apply to liability claims by a "volunteer" arising out of and in the course of employment or performing duties relating to the conduct of any insured's business, or to similar claims of a spouse, child, parent, brother or sister of a "volunteer". (Arch Policy, Section II, (1) (b)(1)(a) and Follow Form Endorsement) There can be no coverage under the Arch Policy for the claims alleged in the Poley Lawsuit.

37. For all the reasons set forth herein and all other potential reasons contained within the Arch Policy, there is no coverage under the Arch Policy for any liability arising out of the Poley Lawsuit or Judgment, and Arch has no obligation to defend and/or indemnify Defendants relating to any and all claims, known and unknown, in the Poley Lawsuit and Judgment.

38. Arch hereby denies any and all coverage and liability to any of the Defendants under the Arch Policy for the reasons set forth herein.

39. Resolution of this matter is appropriate as there is no adequate remedy at law and all necessary parties are before the Court to fully and finally resolve all issues.

WHEREFORE, Arch hereby prays the Court enter its Declaratory Judgment as follows:

    a.       To declare the rights, obligations, duties and interests of the parties relative to the policy;

    b.       To declare that the Poley Lawsuit, Judgment and any related damages awarded thereunder are not covered by the terms of the Arch Policy;

    c.       To declare that Arch has no duty to defend or indemnify for any judgment that may be rendered in said suit;

    d.       To declare that Dorothy and Joyce Poley have no rights to any of the policy proceeds as there is no coverage for the underlying lawsuit or judgment in the underlying lawsuit; and

    e.       For any other and further relief as the Court deems just and proper.

CHILDRESS AHLHEIM CARY LLC

By:    */s/ David T. Ahlheim*  
        DAVID T. AHLHEIM - #50853MO  
        1010 Market Street, Suite 500  
        St. Louis, MO 63101  
        Telephone: (314) 621-9800  
        Facsimile: (314) 621-9802  
        dahlheim@jchildresslaw.com  
        *Counsel for Intervenor*  
        *Arch Specialty Insurance Company*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served via the CM/ECF filing system on the 6th day of July, 2011 to:

John F. Mahon
Michael B. Hunter
Williams and Venker
100 N. Broadway, 21st Floor
St. Louis, MO 62102
jmahon@wvslaw.com
mhunter@wvslaw.com
Attorney for Lexington Insurance

John W. Grimm
Curtis O. Poore
Limbaugh Firm
407 N. Kingshighway, Ste. 400
P.O. Box. 1150
Cape Girardeau, MO 63702-1150
jgrimm@limbaughlaw.com
curt@limbaughlaw.com
Attorneys for Poley Defendants

/s/ *David T. Ahlheim*