UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>S&N DISPLAY FIREWORKS, INC., et al.,<br><br>Defendants. | No. 1:11-CV-00040-CEJ |

### ARCH SPECIALTY'S ANSWER TO DEFENDANT'S COUNTERCLAIM

COMES NOW intervening Plaintiff/Counter Defendant Arch Specialty Insurance Company (hereinafter "Arch Specialty"), by and through undersigned counsel, and for its Answer to Defendant/Counterclaimants Dorothy Poley's and Joyce Poley's Counterclaim, states as follows:

1.  Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 1 of Counterclaimants' Complaint and therefore deny each and every allegation contained therein.

2.  Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 2 of Counterclaimants' Complaint and therefore deny each and every allegation contained therein.

3.  Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 3 of Counterclaimants' Complaint and therefore deny each and every allegation contained therein.

4.  Admit that Arch Specialty is an excess and surplus lines insurance company that is incorporated in Nebraska and an authorized surplus lines insurer in Missouri; otherwise deny.

5.  Admit.

6.  Admit.

7. Admit.

8. Admit.

9. Admit that the Arch Policy issued to S&N provided to S&N coverage in excess of the Lexington policy; deny any other allegations or inferences sought to be drawn from the allegations in paragraph 9.

10. Admit that a Certificate of Insurance was issued by an unaffiliated insurance broker purportedly making the New Madrid Chamber of Commerce an additional insured on certain polices of insurance; deny each and every other allegation and any inferences sought to be drawn therefrom in paragraph 10.

11. Admit that on the Certificate of Insurance previously filed in this matter as document 1-4, Lexington and Arch Specialty were listed as insurers affording coverage; deny that the Certificate of Insurance actually amended the Arch Policy and/or granted additional insured status to the New Madrid Chamber of Commerce.

12. Arch Specialty admits only that the Lexington Policy may include coverage for "bodily injury" as that term is defined within the Lexington Policy, and subject to the terms, conditions, and exclusions of the Lexington Policy; however, Arch Specialty is without sufficient knowledge to admit or deny whether the Lexington Policy included coverage for "bodily injury," and therefore denies the same.

13. Arch Specialty admits only that the Arch policy may include coverage for "bodily injury" as that term is defined within the Arch Policy, and subject to the terms, conditions, and exclusions of the Arch Policy; however, Arch Specialty denies there is insurance coverage for the claims asserted in cause number 08NM-CV00555 under the Arch Policy.

14. Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 14 of Counterclaimants' Complaint and therefore denies each and every allegation contained therein.

15. Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 15 of Counterclaimants' Complaint and therefore denies each and every allegation contained therein.

16. Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 16 of Counterclaimants' Complaint and therefore denies each and every allegation contained therein.

17. Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 17 of Counterclaimants' Complaint and therefore denies each and every allegation contained therein.

18. Deny.

19. Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 19 of Counterclaimants' Complaint and therefore denies each and every allegation contained therein.

20. Arch Specialty is without sufficient knowledge to admit or deny the allegations contained within paragraph 20 of Counterclaimants' Complaint and therefore denies each and every allegation contained therein.

21. Deny.

22. Arch Specialty admits that Exhibit B appears to include a Judgment in favor of Dorothy Poley and Joyce Poley in the amount of $2,685,683.00; however, Arch Specialty denies any implication that there is insurance coverage for the Judgment under the Arch Policy and denies

that the § 537.065 settlement between Counterclaimants and the New Madrid Chamber of Commerce was reasonable and free from fraud or collusion.

23.   Deny.

24.   Paragraph 24 states a legal conclusion for which no response is required; to the extent any response is required, deny.

WHEREFORE, having fully answered Defendant/Counterclaimants' Counterclaim, Plaintiff/Counterclaim Defendant Arch Specialty Insurance Company prays that Defendants/Counterclaimants' Counterclaim be dismissed; that the relief therein prayed for be denied; that judgment be entered in favor of Plaintiff/Counterclaim Defendant; and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A.   Further answering and for its first affirmative defense, Arch Specialty expressly states that Defendant/Counterclaimants' Counterclaim fails to state a cause of action upon which relief may be granted and should be dismissed.

B.   Further answering and for its first affirmative defense, Arch Specialty refers to the pleadings and allegations set forth in its Complaint for Declaratory Judgment and any and all affirmative defenses to be inferred therefrom in response to Defendants/Counterclaimants/ Counterclaim.

C.   Arch Specialty expressly reserves the right to amend its affirmative defenses as the discovery process progress to include any additional affirmative defenses that become known to it.

4

CHILDRESS AHLHEIM CARY LLC


By: /s/ *David T. Ahlheim*
DAVID T. AHLHEIM - #50853MO
JUSTIN C. WILSON - #61691MO
1010 Market Street, Suite 500
St. Louis, MO 63101
Telephone: (314) 621-9800
Facsimile: (314) 621-9802
dahlheim@jchildresslaw.com
jwilson@jchildresslaw.com
*Counsel for Intervenor*
*Arch Specialty Insurance Company*


**CERTIFICATE OF SERVICE**

A copy of the foregoing was served via the CM/ECF filing system on the 18th day of August, 2011 to:

John F. Mahon
Michael B. Hunter
Williams and Venker
100 N. Broadway, 21st Floor
St. Louis, MO 62102
jmahon@wvslaw.com
mhunter@wvslaw.com

John W. Grimm
Curtis O. Poore
Limbaugh Firm
407 N. Kingshighway, Ste. 400
P.O. Box. 1150
Cape Girardeau, MO 63702-1150
jgrimm@limbaughlaw.com
curt@limbaughlaw.com

/s/ *David T. Ahlheim*

5