UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:11-CV-40 (CEJ) |
| S&N DISPLAY FIREWORKS, INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion by defendants Dorothy Poley and Joyce Poley ("Poleys") for leave file an amended answer. Plaintiff Lexington Insurance Co. opposes the Poleys' motion and the issues are fully briefed.

**I.   Background**

On March 7, 2011, plaintiff Lexington Insurance Company ("Lexington") filed this action seeking a declaration of its obligations under a insurance policy issued to defendants S&N Display Fireworks' ("S&N") and the New Madrid Chamber of Commerce ("New Madrid") for the death of Bill Poley. Bill Poley was accidentally killed during a fireworks display conducted by New Madrid with fireworks provided by S&N. Defendants Dorothy Poley and Joyce Poley, the decedent's mother and wife, commenced a wrongful death action against New Madrid in a Missouri court. On March 18, 2011, after an evidentiary hearing, the state court entered a judgment in favor of the Poleys in the amount of $2.6 million.

The Poleys filed an answer and counterclaim against Lexington on April 4, 2011. They now seek to file an amended answer that asserts, as an affirmative defense, that Lexington's complaint is barred by the doctrines of "res judicata and/or collateral estoppel." (Doc. #38-1).

## II. Legal Standard

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.' Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order 'shall not be modified except upon a showing of good cause.' " Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir.2008). Thus, the party seeking to amend its pleadings must satisfy the standards under Rule 15(a) *and* Rule 16(b), Fed. R. Civ. P., where the amendment would be contrary to the time limitations set forth in both rules.

Rule 15(a) states that plaintiff may file an amended complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir.2001).

Under Rule 16(b), the moving party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir.2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir.2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717.

### III. Discussion

Lexington opposes the Poleys' motion, arguing that (1) allowing the Poleys to amend their complaint would be futile and (2) the Poleys have failed to show good cause for leave to amend their pleadings after the July 5, 2011 deadline set forth in the case management order.

### A. Futility

A court may properly deny a motion to amend a pleading if such amendment would be futile. Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). An amendment is futile if "the amended [pleading] could not withstand' a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Bakhtiari v. Beyer, No. 4:06-CV-01489, 2008 WL 3200820, *1 (E.D. Mo. 2008) (citing In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007)).

The Poleys seek to amend their answer solely for the purpose of asserting a defense of issue preclusion. They claim that Lexington is barred from litigating the issue of whether Bill Poley was acting as an employee of or volunteer for New Madrid at the time of the accident, because that issue was decided by the state court in the March 18, 2011 decision entering judgment against New Madrid.

"In diversity cases, we grant state-court judgments the same preclusive effect that they would receive in the forum state." American Home Assur. Co. v. Pope, 487 F.3d 590 (8th Cir. 2007) (internal citation omitted). Missouri courts consider four factors in determining the preclusive effect of a prior judgment: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with

-3-

a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. James v. Paul, 49 S.W.3d 678, 682 (Mo. 2001) (en banc).  Even if all four factors are present, "collateral estoppel [issue preclusion] will not be applied where to do so would be inequitable." Id. at 683.

Here, it is undisputed that Lexington was not a party to the state court litigation between the Poleys and New Madrid.  Further, the Poleys make no showing that Lexington was in privity with New Madrid such that Lexington should be bound by the state court's factual findings and legal conclusions.  Indeed, privity is absent because, as in James, "[a]n inherent conflict of interest prevented [the insurer] from raising its policy defenses in the underlying civil suit while defending the [the insured] under a reservation of rights." Allstate Ins. Co. v. Blount, 491 F.3d 903 (8th Cir. 2007) (applying James, 49 S.W.3d at 689).  In the absence of this essential element, the Poleys' issue preclusion defense fails as a matter of law and it would be futile to allow them to assert the defense in an amended pleading.  See James, 49 S.W.3d 678; Fostill Lake Builders, LLC v. Tudor Ins. Co., 338 S.W.3d 336 (Mo. Ct. App. 2011) (applying James in similar circumstances).

### B.     Good Cause

The Court also finds that the Poleys have not demonstrated good cause for failing comply with the deadline for amending pleadings set forth in the case management order.  The Poleys' purported basis for their preclusion defense became apparent when the state court judgment was issued on March, 18, 2011, six months prior to filing this motion.  The deadline for amending pleadings was July 5, 2011.  To explain their failure to timely assert their preclusion defense, the Poleys state, "[i]n preparation for such mediation, the Poley Defendants have determined that there is

-4-

an affirmative defense that the need to assert." (Doc. #39). The Poleys further explain that, "as soon as counsel realized that it had failed to assert these affirmative defenses, they immediately filed the appropriate motion rather than waiting to bring it up during mediation, even though there could have been strategic reasons for doing so." (Doc. #44). From these explanations, the Court is unable to conclude that the Poleys exercised the diligence necessary to satisfy the good-cause standard under Fed. R. Civ. P. 16(b) because their only explanation is, essentially, a lack of diligence. See Sherman, 532 F.3d at 717. As the Court has found the Poleys' proposed amendment to be futile, no prejudice will result from denying them leave to amend their answer. Id.

Accordingly,

**IT IS HEREBY ORDERED** that the motion by defendants Dorothy Poley and Joyce Poley for leave file an amended answer [Doc. #38] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2011.